IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JORGE REYES,
    Plaintiff,

v.                                               Case No. 3:21cv924/LAC/ZCB

CAPTAIN ELLIS,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff has sued one defendant, Captain Ellis. Plaintiff claims Defendant Ellis violated the Eighth Amendment by being deliberately indifferent to his request for a new cellmate. (Doc. 1). Defendant Ellis has moved for summary judgment. (Doc. 27). Plaintiff has filed an affidavit in opposition. (Doc. 31). For the reasons below, Defendant Ellis's motion for summary judgment should be granted.

### I.     Background

Plaintiff was an inmate at Okaloosa Correctional Institution on May 5, 2021. (Doc. 1 at 5). He was age 71 at the time, and he shared a cell with a 29-year-old "gang member." (*Id.*). Plaintiff alleges his cellmate "bull[ied], antagoniz[ed], and harass[ed]" him and "ma[de] life unbearable while occupying the same cell." (*Id.*).

1

Plaintiff convinced his cellmate to join him in requesting a cell reassignment. (*Id.*). Plaintiff and his cellmate spoke with two correctional officers, Sergeant Holcomb and Officer Venable. (*Id.* at 6). Plaintiff and his cellmate explained to the officers that one of them needed a "room change" because "the two of [them were] not getting along." (Doc. 31 at 1). Sergeant Holcomb and Officer Venable told the inmates they would need approval from Defendant Ellis to change cells. (Doc. 1 at 6). The officers called Defendant Ellis to the dorm to discuss the inmates' request. (Doc. 27-1 ¶ 3).

Once Defendant Ellis arrived, Sergeant Holcomb and Officer Venable told Defendant Ellis the inmates requested a cell reassignment due to "personal reasons." (Doc. 27-1 ¶ 4). Defendant Ellis then questioned both inmates about the reason for their request, but neither gave a specific reason for a cell reassignment. (*Id.* ¶ 5). Plaintiff claims he told Defendant Ellis that he and his cellmate "just cannot get along and (1) of us need to be moved." (Doc. 31 at 1). Defendant Ellis then asked Plaintiff and his cellmate some questions. Defendant Ellis asked Plaintiff if he was in fear of his cellmate. (Doc. 27-1 ¶ 6). Plaintiff replied by denying he feared for his safety. (*Id.*); (Doc. 31 at 1).[1] Defendant Ellis asked Plaintiff if he had any

---

[1] Contrary to what he told Defendant Ellis, Plaintiff claims in his complaint that he was in fear of his physical safety because his cellmate had made physical threats towards him. (Doc. 1 at 5, 6, 9, 19, 24). Plaintiff, however, clarifies in his subsequently filed affidavit that he did not expressly relay that fear or his cellmate's

2

intention to harm his cellmate. (Doc. 27-1 ¶ 7). Plaintiff replied that he did not. (*Id.*). Defendant Ellis asked Plaintiff's cellmate the same two questions. (*Id.* ¶ 8). Plaintiff's cellmate responded "no" to both questions. (*Id.*); (Doc. 31 at 1). Defendant Ellis instructed Plaintiff and his cellmate to "deal with your problems with each other" and instructed them to return to their assigned cell. (Doc. 1 at 7); (Doc. 27-1 ¶ 10).

Later that day, Plaintiff was sitting in his cell when his cellmate and another individual attacked him. (Doc. 1 at 7). Plaintiff was beaten and stabbed several times with a "shank or makeshift knife." (*Id.* at 7). He suffered injuries to his face, head, and body. (*Id.* at 7-9). Plaintiff received medical treatment and was subsequently placed in protective management pending transfer. (*Id.* at 8).

## II.   Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*. at 248. When

---

threats to Defendant Ellis. (Doc. 31). Instead, when verbally asked if he was in fear of his cellmate, Plaintiff said he was not. (Doc. 31 at 1).

deciding whether to grant summary judgment, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the non-movant." *Samples on Behalf of Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir. 1988); Fed. R. Civ. P. 56(c)(1)(A).

The central summary judgment question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. When answering that question, courts must view the evidence in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). And the nonmoving party bears the burden of coming forward with sufficient evidence on each element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A mere "scintilla" of evidence is insufficient to meet that burden. *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004). At the summary judgment stage, the judge is "not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. Discussion

Plaintiff alleges that Defendant Ellis violated the Eighth Amendment by acting with deliberate indifference to a substantial risk of serious harm. The basis for Plaintiff's claim is Defendant Ellis's denial of Plaintiff's request for cell

reassignment. In his motion, Defendant Ellis argues that summary judgment is appropriate because he was not deliberately indifferent to a substantial risk that Plaintiff's cellmate would attack him.

The Eighth Amendment forbids the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has held that it is "cruel and unusual punishment" when a prison official is aware of a substantial risk of serious harm to an inmate "and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). This means that "prison officials have a duty [] to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotations omitted). But not "every injury suffered by one inmate at the hands of another [] translates into a constitutional liability for prison officials responsible for the victim's safety." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (internal quotations omitted).

To prevail on an Eighth Amendment claim premised on a failure to protect or prevent harm, a plaintiff must show (1) a substantial risk of serious harm existed; (2) the defendant's deliberate indifference to that risk; and (3) a causal connection between the defendant's conduct and the Eighth Amendment violation. *See Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312, 1320 (11th Cir. 2016). Courts use an objective standard when determining whether a substantial risk of harm existed. The question is whether the conditions "were extreme and posed an unreasonable

risk of serious injury to [the plaintiff's] future health or safety." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (cleaned up). The second element—whether defendant was deliberately indifferent—involves both a subjective and objective component. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014). To satisfy the subjective component, a plaintiff must show that the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also dr[e]w the inference." *Marbury*, 936 F.3d at 1233 (cleaned up). In other words, a plaintiff must show the defendant had "actual knowledge that an inmate faced a substantial risk of serious harm." *Caldwell*, 748 F.3d 1099. The objective component is satisfied by evidence that the official "responded to the known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act." *Marbury*, 936 F.3d at 1233 (cleaned up). The plaintiff's burden of establishing deliberate indifference is "steep." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (cleaned up). A prison official's "negligent failure to protect an inmate from attack does not justify liability under section 1983." *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003) (cleaned up).

Here, Plaintiff's deliberate indifference claim fails because there is no genuine dispute regarding whether Defendant Ellis had actual knowledge that Plaintiff faced a substantial risk of serious harm. The record establishes that Plaintiff and his

6

cellmate asked Defendant Ellis for a cell reassignment due to "personal reasons" and because they "just [could not] get along." (Doc. 27-1 ¶ 4); (Doc. 31 at 1). When Plaintiff and his cellmate were asked if they were in fear or had any intention to harm the other, they both responded in the negative. (*Id.* ¶¶ 6-8); *see also* (Doc. 31 at 1) (stating that Defendant Ellis "asked us if we are checking in and we both said no we are not in fear for our safety and that no protection was needed!"). While Plaintiff claims his cellmate made threats of physical harm (Doc. 1 at 5), there is nothing in the record showing that Plaintiff relayed those threats to Defendant Ellis. Because Plaintiff failed to inform Defendant Ellis that he feared his cellmate or was threatened by his cellmate, Defendant Ellis was left "unaware of a particularized threat or fear felt by Plaintiff in regards to rooming with [his cellmate]." *Carter*, 352 F.3d at 1349-50.

Additionally, Plaintiff has failed to provide evidence of any other risk factors that would have alerted Defendant Ellis to the possibility that his cellmate would attack him. Plaintiff cites to no previous instances of violence occurring between him and his cellmate. *Cf. Caldwell*, 748 F.3d at 1101 (holding summary judgment was improper where the plaintiff informed prison officials that he feared for his life and prison officials knew his cellmate had a violent past, including previous violence towards the plaintiff). Plaintiff never reported that his cellmate had a weapon. *See Milledge v. Fla. Dep't of Corr. Sec'y*, 760 F. App'x 741, 744 (11th Cir. 2019) (citing

7

the fact that the plaintiff never reported to the defendants that his cellmate had a weapon as a reason for denying the plaintiff's failure-to-protect claim). Nor does Plaintiff allege that his cellmate had a history of violence in prison.[2] Further, "[t]here is no allegation or indication that the two inmates were involved with rival gangs or had any issues related to race, debt, romance, or anything else that might render one an excessive danger to the other." *Milledge*, 760 F. App'x at 744. To the extent Plaintiff argues Defendant Ellis should have understood that his request to be reassigned to a different cell meant that he was in fear for his life, his argument fails. A request for a cell reassignment—especially when coupled with the inmates' assertions that they were not in fear of harm or had any intentions of hurting each other—does not provide a sufficient basis to make the inferential leap that Plaintiff faced a substantial risk of serious harm. Additionally, merely negligent behavior is insufficient to constitute deliberate indifference.

---

[2] Plaintiff does allege that his cellmate was a "gang member" (Doc. 1 at 5). But even if Defendant Ellis was aware of the cellmate's gang member status (which Plaintiff does not allege), that alone is insufficient to put Defendant Ellis on notice that Plaintiff faced a substantial risk of serious harm. *See Caldwell*, 748 F.3d at 1101-02 (stressing that an inmate is required to show "more than a generalized awareness of risk" or the mere awareness of a particular inmate's "generally problematic nature" (cleaned up)); *see also Farmer v. Brennan*, 511 U.S. 825, 845 (1994) (recognizing that the failure-to-protect standard is one that "incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions") (cleaned up).

The Eleventh Circuit's decision in *Carter v. Galloway*, 352 F.3d 1346 (11th Cir. 2013) is instructive here. In *Carter*, an inmate was stabbed by his cellmate. *Id.* at 1347. The inmate sued prison officials under the Eighth Amendment for failing to protect him. He argued he had made the officials sufficiently aware of the risk of harm, yet they failed to act. *Id.* at 1349. The Eleventh Circuit rejected the inmate's claims because the comments he made were too vague to show that the officials had "actual knowledge" of a substantial risk of serious harm. *Id.* at 1350. The only complaints the inmate made were that his cellmate (1) paced his cell like a wild animal, (2) wanted to fake a hanging in order to secure a transfer, and (3) told plaintiff that he would assist in carrying out the fake hanging "one way or another." *Id.* at 1349. In rejecting the Eighth Amendment claims, the Eleventh Circuit relied on the fact that the inmate never told prison officials that he "feared" his attacker, never told them that he had been "clearly threatened," and never asked to be placed in "protective custody." *Id.* at 1349, 1350. In short, the court concluded: "Plaintiff has failed to establish that either Defendant had a subjective awareness of a substantial risk of serious physical threat to Plaintiff." *Id.* at 1350.

As in *Carter*, in this case Plaintiff's request to Defendant Ellis that he and his cellmate needed a cell reassignment because they did not get along is insufficient to show that Defendant Ellis had actual knowledge of a serious risk of harm to Plaintiff. Like the plaintiff in *Carter*, Plaintiff here never told Defendant Ellis that he feared

9

his cellmate or had been physically threatened by his cellmate. When directly asked if he feared for his safety, Plaintiff responded that he did not. (Doc. 27-1 ¶¶ 6-8); (Doc. 31 at 1). His cellmate substantiated that answer when he told Defendant Ellis that he had no intention of harming Plaintiff. As the Eleventh Circuit concluded in *Carter*, so must the Court conclude here: Plaintiff has failed to establish a genuine issue of material fact regarding Defendant Ellis' awareness of a substantial risk of serious harm to Plaintiff when he denied Plaintiff's request for a new cellmate. Thus, no reasonable jury could conclude that Defendant Ellis was deliberately indifferent in violation of the Eighth Amendment. Defendant Ellis, therefore, is entitled to summary judgment.

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendant Ellis's Motion for Summary Judgment, (Doc. 27), be **GRANTED;** and

2. The Clerk of Court be directed to enter judgment in favor of Defendant and close this case.

At Pensacola, Florida this 6th day of July 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**